**Wilson Castillo CABEBE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76559.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.*

Filed June 25, 2008.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Wilson Castillo Cabebe petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for adjustment of status. We deny his petition.

Substantial evidence supports the BIA's conclusion that Cabebe did not establish he had appealed the denial of his fourth I–130 visa petition (the second such petition filed by his current wife, Socorro Abaya). The BIA's files do not reflect that an appeal was ever filed following this denial. Although Cabebe points to a notice of appeal form and attachment in the record (submitted by his counsel as part of a status report to the IJ), the forms are not stamped received, there is no proof of mailing or payment, no filing receipt from the immigration service or BIA, and no other evidence that the forms were ever filed. Nor does the brief remark by immigration service counsel to the IJ, reflecting her belief that the petition was on appeal, compel a contrary result, particularly when the record does not reflect the source of her belief.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

It was therefore proper for the BIA not to consider the merits of the I–130 petition denial, as Cabebe's May 2003 appeal to the BIA was not timely. 8 C.F.R. § 1003.3(a)(2) (appeal from denial of I–130 due within 30 days of the director's decision). Similarly, the BIA did not err by finding Cabebe ineligible for adjustment of status because he did not have an approved I–130 petition. 8 U.S.C. § 1255(a).

**PETITION DENIED.**

